The Attorney General is in receipt of your request for an official opinion wherein you ask the following questions "1. How many days may be provided to teachers by a district for personal business leave, absent the existence of any agreement entered into between a district and an organizational representative of its employees ? "2. In the event that an agreement exists between a school district and an organizational representative limiting the number of days available for personal business leave, may a district deduct 1/180 of the contract salary for absences in excess of the maximum number of days provided by said agreement?" Various sections of the Oklahoma School Code set forth the requirements and guidelines for a teacher's leave of absence. The only reference to "personal business leave" in the Code is found at 70 O.S. 6-105 [70-6-105](a) (1976) which states in relevant part: "If, because of sickness or other reason, a teacher is temporarily unable to perform his or her regular duties, a substitute teacher for his or her position may be employed for the time of such absence. A substitute teacher shall be paid in an amount and under such terms as may be agreed upon in advance by the substitute teacher and the board of education or according to regulations of the board. A teacher absent for reason of personal business shall have deducted from his salary by the school district only the amount necessary to pay the substitute." (Emphasis added) There is no reference in the Code to the number of days to be provided for personal business leave, nor is there any provision defining the type of activity which shall constitute personal business leave. The general governing and rule-making authority of the local boards of education, is recognized in Oklahoma by statute. 70 O.S. 5-117 [70-5-117] (1976). This section provides in relevant part: "The board of education of each school district shall have the power to elect its own officers; to make rules and regulations, not inconsistent with the law or rules and regulations of the State Board of Education, governing the board and the school system of the district; to maintain and operate a complete public school system of such character as the board of education shall deem best suited to the needs of the school districts; . . . to contract with and fix the duties and compensation of physicians, dentists, optometrists, nurses, attorneys, superintendents, principals, teachers, bus drivers, janitors, and other necessary employees of the district . . . to provide for employees leaves of absence without pay; and to exercise sole control over all of the schools and property of the district, subject to other provisions of the Oklahoma School Code . . . Provided, further, the board of education of each school district shall adopt and maintain on file in the office of the superintendent of schools, and available to the public, an appropriate personnel policy and sick leave guide." Based upon the foregoing provisions, it may be stated that subject to any other applicable provisions in the Oklahoma School Code, local boards of education are authorized to adopt reasonable rules, regulations and policies concerning personnel and leaves of absence. The number of days a local district provides to teachers for personal business leave is discretionary with the district. Title 70 O.S. 6-105 [70-6-105](a) (1976), cited above specifically provides: ". . . A teacher absent for reason of personal business shall have deducted from his salary by the school district only the amount necessary to pay the substitute." Title 70 O.S. 6-105 [70-6-105](a) (1979) deals with the topic of substitute teachers and their rate of pay. Under this provision, a substitute teacher is to be paid in an amount and under such terms as may be agreed upon in advance by the substitute teacher and the local board or by the regulations set by the board. If the local board has reached an agreement as to the amount of pay with a substitute teacher, then that is the amount which will be deducted from the regular teacher's pay for absence due to personal business in excess of maximum days allotted. In the absence of an agreement between the substitute and the local board, the amount deducted from the regular teacher's salary is the amount which is to be actually paid to the substitute according to the appropriate regulations of the board. However, the board's regulations would still be governed by 70 O.S. 6-105 [70-6-105] and the requirement that when a teacher is absent for personal business there will be deducted from that teacher's salary only the amount necessary to pay the substitute. It is, therefore, the official opinion of the Attorney General that your questions be answered as follows: 1. In the absence of an agreement entered into between a district and an organizational representative of its employees, the number of days provided to teachers for personal business leave is discretionary with the local board. 2. The amount which may be deducted from a teacher's salary for absence due to personal business which is in excess of the maximum number of days allotted, is only that amount which is actually paid the substitute, either by agreement of the substitute and the local board or by regulation of the board. (KAY HARLEY JACOBS) (ksg)